**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana Hart, Esq. (SBN: 306499)
yana@kazlg.com
David James McGlothlin (SBN: 253265)
david@kazlg.com
2221 Camino Del Rio S, Ste 101
San Diego, CA

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JERRY JAQUES, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**STEEL SUPPLEMENTS, INC.,**<br><br>Defendant. | **Case No.: 5:20-cv-670**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750,** *ET SEQ.***;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF. §§ 17500,** *ET SEQ.***;**<br>3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF. §§ 17200,** *ET SEQ.***;**<br>4) **NEGLIGENT MISREPRESENTATION; AND**<br>5) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2

**INTRODUCTION**

3    1.    Plaintiff Jerry Jaques ("Mr. Jaques" or "Plaintiff") brings this Class Action
4         Complaint to challenge the deceptive advertising and business practices of
5         defendant, Steel Supplements, Inc. ("Steel Supplement" or "Defendant") with
6         regard to Defendant's false and misleading promotion of its purportedly
7         consumable "dietary supplement" product. Based on such false and misleading
8         advertisements, Plaintiff and others similarly situated purchased Defendant's
9         mislabeled product.

10   2.    Plaintiff purchased a product manufactured and labelled by Defendant, which
11        Defendant advertised as being a dietary supplement that is safe for human
12        consumption. Specifically, Plaintiff purchased a pre-work formulation product
13        known as Charged-AF Pre-Workout Powder (the "Product").

14   3.    The Product contains Dimethylhexylamine ("DMHA"). The Food and Drug
15        Administration's ("FDA") has warned that dietary supplements containing the
16        ingredient DMHA are considered dangerous and not safe nor approved for
17        human consumption.

18   4.    Consequently, Defendant does not comply with federal and parallel state
19        regulations. Defendant's labelling misleads consumers into believing its
20        Product is a dietary supplement safe for human consumption. Such is false.
21        These misrepresentations are not only harmful to consumers, but also allow
22        Defendant to increase its sales and capture market shares from its competitors.

23   5.    Plaintiff makes these allegations as follows upon personal knowledge as to
24        Plaintiff's own acts and experiences, and, as to all other matters, upon
25        information and belief, including investigation conducted by Plaintiff's
26        attorneys.

27   6.    Defendant's nationwide sale and advertising of the deceptively misbranded
28        Product constitutes violations of: (1) California's Consumer Legal Remedies

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (4) negligent misrepresentation; and (5) intentional misrepresentation.

7. This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

### JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief.  *See* 28 U.S.C. § 1332(d).

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a resident and citizen of the State of California, and Defendant is a corporation organized and existing under the laws of the State of Florida.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Riverside. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of the Product in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

[1] On information and belief, Defendant sells its Product online throughout California.  Based upon the advertised price of Defendant's Product and their statewide availability, Plaintiff are informed, believe, and thereon allege the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

12. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) the conduct complained of herein occurred within this judicial district; and, (ii) many of the acts and transactions giving rise to this action occurred in this district because:

    (a)    Defendant is authorized to conduct business in this district;

    (b)    Defendant does substantial business within this district;

    (c)    Defendant is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d)    Defendant's actions resulting in harm to Plaintiff occurred within this district.

## PARTIES

13. Plaintiff Jaques is a natural person residing in the City of Romoland, County of Riverside, State of California.

14. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of Florida, with its principal place of business in Sarasota, Florida.

15. Defendant manufactures and/or distributes various products, including purportedly consumable consumer packaged goods and purportedly dietary supplements. Defendant conducts extensive business through Internet sales and enjoys wide retail distribution at numerous stores within the United States, including California.

## NATURE OF THE CASE

16. At all times relevant, Defendant made and continues to make affirmative misrepresentations regarding the Product, which it manufactures, markets, and sells online through its own website and other online retailers, including Amazon.com among others.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

17. Defendant advertised, marketed, packaged, and sold the Product to Plaintiff and other consumers similarly situated in California with the false representation that the Product containing DMHA is suitable for human consumption and that the Product is a dietary supplement.

18. DMHA was originally developed to be used in nasal decongestant. However, in recent years, it has been discovered that consuming these ingredients acts as a central nervous stimulant that increases the uptake of dopamine and noradrenaline.

19. Defendant has many products that it advertises, markets, and sells that contain the ingredient DMHA. The FDA has determined that this ingredient does not meet the standard to qualify as a consumable ingredient, and so cannot be labeled as a dietary supplement.[2]

20. The FDA specifically considers DMHA unsafe for human consumption and unsafe if placed in dietary supplements.

21. Since 2012, the FDA has made tremendous efforts to prevent the sale of products containing DMHA on the open market, including sending warning letters to several companies informing them of their violations and demanding that they cease manufacturing DMHA products immediately.

22. The misrepresentations that Defendant made regarding the ingredient DMHA in the Product caused the Plaintiff and similarly situated California consumers to purchase and ingest substances that the FDA considers unsafe for human consumption.

23. Moreover, these false claims about the Product allows Steel Supplement to gain a market share of the food industry through misleading practices, give it an unfair advantage over its competitors.

---

[2] *See DMHA in Dietary Supplements*, U.S. FOOD AND DRUG ADMINISTRATION, HTTPS://WWW.FDA.GOV/FOOD/DIETARY-SUPPLEMENT-PRODUCTS-INGREDIENTS/DMHA-DIETARY-SUPPLEMENTS (last accessed Feb. 5, 2019).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

24. In short, the FDA has banned the inclusion of the ingredient DHMA in dietary supplements. Despite this, Defendant continues to include this ingredient in the Product that it sells on the open market.

25. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

### FACTUAL ALLEGATIONS

26. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. On or about April 18, 2019, Plaintiff Jaques purchased Defendant's Product from online retailer amazon.com for a total amount of $49.95. One of the ingredients included in the Product was the FDA banned DMHA.

28. Defendant manufactures, markets, and sells the Product online through its own website and through other online retailers.

29. On its label and related advertising materials, the Product is directly advertised by Defendant as being a dietary supplement and suitable for human consumption.

30. At the time Plaintiff purchased Defendant's Product, Plaintiff believed and relied upon the representations made on Defendant's Product's label and packaging that the Product was a "Supplement" that could be orally consumed daily. Plaintiff reasonably believed that the Product was safe to ingest and was beneficial to his health.

31. On information and belief, Defendant's Product's label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

32. As mentioned in detail above, Defendant's Product all contain unsafe food additives that can cause serious cardiovascular and neurological problems.

33. Consequently, Defendant's Product is neither a "Supplement" nor safe for human consumption more generally.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

34. Defendant knew, or in the exercise of reasonable care, should have known that its Product's label and advertising materials were misleading or false.

35. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product was a dietary supplement capable of enhancing physical performance.

36. Plaintiff and other consumers similarly situated in California purchased and overpaid for Defendant's Product under the false impression that the Product would provide the advertised health benefits associated with the use of the product; however, the as it contained an unsafe food additive, the Product could not provide any of the advertised health benefits.

37. Had Plaintiff been aware that the Product contained an unsafe food additive that posed serious health risks, Plaintiff would have paid less for it, or would have purchased an entirely different product. In other words, Plaintiff would not have purchased Defendant's Product but for the representations on the Product's label and related advertising.

38. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Product's labels and website, where Defendant sold, and currently sells, its Product to consumers throughout the State of California.

39. As a result of Defendant's false and misleading statements and failure to disclose, Plaintiff and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

40. Included within the demands of this Complaint are any other products manufactured by Defendant, which contain DMHA.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

41. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

### CLASS ACTION ALLEGATIONS

42. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Plaintiff brings this action collectively and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

44. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the United States who purchased a product, from Defendant, irrespective of brand name, containing the ingredient DMHA within the four years prior preceding the filing of this Complaint.

45. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

46. The "Class Period" means four years prior to the filing of the Complaint in this action.

47. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

48. **Numerosity**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Product is sold in large chain retainers, as well as numerous other third-party retailer sites,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

with hundreds of customer reviews, and on that basis, Plaintiff allege that the putative Class consists of hundreds, if not thousands of members.

49. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

    a. Whether the Product as manufactured contained DMHA or any of its other known aliases;

    b. Whether the Product was actually advertised as being a "Supplement" that is for human consumption, when in fact it is not a "Supplement";

    c. Whether the Product was safe for human consumption given it ingredients;

    d. Whether Defendant's claims and representations, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

    e. Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq.*;

    f. Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

    g. Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

h.  Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

i.  Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website;

j.  Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiff and members of the Class;

k.  Whether the Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

l.  Whether the Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

50. **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class in that the Plaintiff is a member of the Class that the Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased the Product from Defendant after exposure to the same material misrepresentations appearing on the Product's label. Plaintiff also received a Product that was not a dietary supplement and contained dangerous food additives (DMHA). Plaintiff is advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

51. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

52. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

53. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

54. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

**FIRST CAUSE OF ACTION FOR**
**VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE §§ 1750, *ET SEQ.***

55. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. California Civil Code Section 1750, *et seq.*, entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

57. Defendant's Product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

58. Plaintiff and the putative Class members are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

59. Plaintiff and each of the putative Class members' purchase of Defendant's Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

60. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

(2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;

(5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .;

(7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another; [and]

(9) [a]dvertising goods or services with intent not to sell them as advertised."

61. Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing its Product was a dietary supplement containing consumable ingredients, when, in fact, the Product contained food additives not making it a dietary supplement or consumable.

62. Defendant's Product contains DMHA, which make it unsuitable for human consumption and poses serious risks to consumers' health.

63. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

64. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's actual Product label.

65. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the putative Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

66. As of the filing of this Complaint, Defendant has not complied with Plaintiff's demand letters pursuant to California Civil Code § 1782, which was served on Defendant on or about September 30, 2019, by certified U.S. mail.

67. Attached hereto as Exhibit A is the affidavit of Plaintiff pursuant to Cal. Civ. Code § 1780(d).

68. Plaintiff and the putative Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future and to recover money damages.

**SECOND CAUSE OF ACTION FOR**
**VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")**
**BUS. & PROF. CODE §§ 17500,** *ET SEQ.*

69. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

71. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

72. Defendant states that its Product is a dietary supplement containing consumable ingredients, when, in fact, the Product contained food additives making it not a dietary supplement or consumable.

73. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

74. At all times relevant, Defendant's advertising and promotion of its Product were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members by representing that its Product was a dietary supplement containing consumable ingredients designed to support their health and well-being. When, in reality, Defendant knew that its Product contained DMHA, which the FDA warned about.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

75. Defendant engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Product, which Defendant knew, or had reason to know, was not suitable for human consumption and could not be considered a dietary supplement.

76. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

77. Had Defendant truthfully advertised that its Product did not contain the advertised percent daily value of protein, Plaintiff and the putative Class members would not have purchased the Product, would have paid less for the Product, or would have purchased a different product from another manufacturer.

78. This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

79. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
### BUS. & PROF. CODE §§ 17200, *ET SEQ.*

80. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

82. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

83. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

84. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq.* and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.*, as well as other Federal regulations.

85. Defendant further violated California's Health & Safety Code § 110660, which states that "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is a part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875 (the "Sherman law").

86. Claims under state law based on the deceptive labeling of a food product is expressly permitted when the statute to be enforced imposes legal obligations identical to that of the Federal Food, Drug, and Cosmetic Act ("FDCA"), including FDA regulations concerning naming and labeling food products. *See*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

*e.g., In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff' claim that Defendant violated the FAL by labeling its Product in a false or misleading way imposes legal obligations identical to 21 U.S.C. § 343(a) of the FDCA, which states that, "a food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FDCA is not subject to the express preemption provision set forth in 21 U.S.C. § 343-1 of the FDCA.

87. Defendant violated the above-referenced statutes by falsely representing that its Product was a dietary supplement containing consumable ingredients, when in fact the product contained ingredients that unsafe food additives, making the Product not fit for human consumption.

88. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

## B. "UNFAIR" PRONG

89. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

90. Had Plaintiff and the putative class members been informed that Defendant's Product did not in fact contain ingredients suitable for human consumption, they would not have purchased the Product, would have paid less for it, or would have purchased an entirely different product. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed market competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## C. "Fraudulent" Prong

91. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely advertising its Product as containing, ingredients suitable for human consumption, when, in fact, the Product do not contain such ingredients, but instead contained an ingredient that was an unsafe food additive making the Product not a "dietary supplement" fit for human consumption.

92. Plaintiff reserve the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

## D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

93. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led to believe that Defendant's Product contains ingredients suitable for human consumption, when, in fact, the Product does not contain such ingredients; and, instead the Product has unsafe food additives that render the Product unmarketable as a safe dietary supplement, as alleged herein.

94. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Product, as containing ingredients safe to consume consistent with a dietary supplement.

95. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

96. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Product's label and Amazon.com and other third-party retailers as mentioned herein.

97. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserve the right to identify additional violations by Defendant as may be established through discovery.

98. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks recovery of attorneys' fees, which reward is available to a prevailing Plaintiff in a class action such as this.

### FOURTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

99. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

100. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Product contained ingredients suitable for human consumption and the Product was a dietary supplement.

101. Defendant made these representations knowing, or having reason to know, that its Product contained an ingredient that the FDA had publicly and specifically identified as unsuitable for human consumption and should not be included in products labeled as "dietary supplements".

102. Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Product.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

103. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

104. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

105. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Product due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

### FIFTH CAUSE OF ACTION
### INTENTIONAL MISREPRESENTATION

106. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

107. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through the Product's packaging and advertising materials, that Defendant's Product contained ingredients suitable for human consumption and that its Product was a dietary supplement.

108. Defendant acted intentionally by willfully and purposefully printing a specific "Supplement Facts" label of Defendant's Product indicating to consumers that the Product was in fact a safe dietary supplement.

109. Because the Product contains DMHA, it could not be a dietary supplement and was declared by the FDA to be an unsafe food additive. Therefore, the Product does not have the benefits that Defendant advertises.

110. Defendant knew or had reason to know such representations were false, and continued to label its Product in a false or misleading way.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

111. Defendant further knew that retailers were advertising its Product as containing ingredients suitable for consumption, because Defendant designed, manufactured, and affixed the product labeling to its Product before supplying the Product to the retailers.

112. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

113. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

114. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

     i.    The "who" is Defendant;

     ii.    The "what" is the representation that Defendant's Product, and substantially similar products, had ingredients that were suitable for human consumption and were dietary supplements;

     iii.    The "when" is the date Plaintiff purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

     iv.    The "where" is in Defendant's product labeling, advertisements, and online marketing; and

     v.    The "how" is the allegation that Defendant did not disclose that its Product contained unsafe food additives, and thus is unsuitable for human consumption and unsuitable as a dietary supplement.

115. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiff be appointed as the Class Representatives;
- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;
- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;
- Pre-judgment interests from the date of filing of this suit;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- that Plaintiff and each member of the putative Class recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.*

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and

- an award of costs and attorney's fees pursuant to Cal. Civ. Code § 1780(d).

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;

- recovery of reasonably attorney's fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and

- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial; and

### FIFTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- punitive damages pursuant to Cal. Civ. Code § 3294; and
- that Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### TRIAL BY JURY

116. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: March 5, 2020                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**


By:  _*s/ Abbas Kazerounian*____
                                        ABBAS KAZEROUNIAN, ESQ.
                                        NICHOLAS BARTHEL, ESQ.
                                        *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

CLASS ACTION COMPLAINT